**William BOGARD et al.,
Plaintiffs,**

**v.**

**Thomas COOK et al.,
Defendants.**

**No. GC 73-22-S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Aug. 27, 1973.

·David M. Lipman, North Mississippi Rural Legal Services, Oxford, Miss., for plaintiffs.

A. F. Summer, Atty. Gen., P. Roger Googe, Sp. Asst. Atty. Gen., Jackson, Miss., James L. Robertson, Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., Champ Terney, Lyon, Crosthwait & Terney, Indianola, Miss., P. J. Townsend, Jr., Townsend & McWilliams, Drew, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on petition of a nonparty, J. C. McDonald, Chairman of the Mississippi Probation and Parole Board, to be excused from being deposed by plaintiff; motion of the said J. C. McDonald to set aside and quash service of a subpoena upon him to appear before a judicial officer for the taking of his deposition; and motion of plaintiff for an order compelling McDonald to give the deposition in controversy and to set aside his motion to quash the subpoena served upon him.

The action is also before the court upon the motion of B. C. Ruth for an order protecting him against the taking of his deposition by plaintiff and upon plaintiffs' motion to compel the said B. C. Ruth to give the deposition.

All of the motions are related and call for the court's determination of the extent to which records of the Mississippi State Penitentiary and of the Mississip-

pi Probation and Parole Board are privileged.[1]

Plaintiff seeks in the action sub judice to recover damages for bodily injuries said to have been suffered by him while incarcerated in the Mississippi State Penitentiary. Plaintiff seeks to hold certain inmates of the penitentiary, as well as certain present and former penitentiary officials and employees responsible for the injuries suffered by him.

Plaintiff alleges that three former inmates of the penitentiary, who are now on parole, are critical witnesses in his behalf. Plaintiff has been unable to locate these witnesses and he contends that the records of the Parole Board contain information which will enable him to do so.

McDonald claims that Section 4004–16, supra, creates a privilege which prohibits him from disclosing the information sought by plaintiff.

■ Section 4004–16 does not create an absolute privilege. It provides merely that information obtained by an employee of the Parole Board in the discharge of his official duties may not be disclosed to one who is not a member of the board, unless by the order of the board or judge.

■ However, even if we assume that the statute creates a privilege which, standing alone, demands nondisclosure of the information sought from McDonald, the statute must yield where the need for the information by plaintiff outweighs the benefits that would be derived by the Parole Board in withholding the information. The court cannot envision any harm which might result to the parolees or any other person from the disclosure by the Parole Board of in-

formation leading to the present place of residence of the parolees. On the other hand, without the information plaintiff would be severely hampered in the presentation of his case to the court. The court finds that the privilege afforded by the statute is outweighed by plaintiff's need for the information. The determination is justified by the holding of this court in Fears v. Burris Manufacturing Company, 48 F.R.D. 91, aff'd, 436 F.2d 1357 (5th Cir. 1971) and Carr v. Monroe Manufacturing Company, 431 F.2d 384 (5th Cir. 1970).

■ Plaintiff seeks to compel B. C. Ruth, Chief Records Officer of the Mississippi State Penitentiary, to produce for plaintiff's inspection and/or copying plaintiff's complete prison file and the files of four others, three of whom are now incarcerated in the penitentiary, the other being an ex-inmate. Plaintiff contends that these files contain matters which are relevant to the subject matter of his complaint, or that the information contained in the files will lead to the discovery of admissible evidence. Three of the files are those of inmates who are parties defendant in the action.

There is no Mississippi statute which makes the files in question privileged files. In support of the claim of privilege, defendants rely upon Tarlton v. United States, 430 F.2d 1351 (5th Cir. 1970). In *Tarlton* the court said:

> By his first motion Tarlton sought to obtain access to his prison file to learn the source of a derogatory statement which was allegedly made concerning him. As the District Court held, prison records of inmates are confidential and are not subject to inspection by the public nor the inmate concerned.[2]

---

1. Mississippi has only one statute pertinent to the subject. Miss.Code Ann., § 4004–16 (1956) provides:

   *Privileged information.*

   All information obtained in the discharge of official duty by an employee of the board shall be privileged and shall not be disclosed directly or indirectly to any one

other than the board, the judge or others entitled under this act to receive such information, unless and until otherwise ordered by such board or judge.

There is no statute of the State of Mississippi which creates a privilege for the records of the State Penitentiary.

2. 430 F.2d at 1351, 1352.

The court does not find Tarlton to be controlling in the action sub judice. The principles enunciated in *Fears* and *Carr*, in the judgment of the court, apply with equal force here, where the need of plaintiff for the penitentiary files outweighs the benefits which would inure to the penitentiary by withholding them.

The court finds that McDonald and Ruth are subject to being deposed and must produce the files as requested in the subpoenas served upon them. The inquiry as to Parole Board files will be limited to securing information which will lead to the present address of the parolees in question.

Plaintiff has a right to secure, at his expense, copies of the complete files which Ruth is by this holding required to produce at his deposition.

Plaintiff's counsel of record are authorized to act for plaintiff in all matters under consideration by the court.

The court will enter an appropriate order to give effect to this decision.